UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ABDOUL KARIMOU DIALLO** | **CIVIL ACTION NO. 25-2012 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DONALD J TRUMP ET AL** | **MAG. JUDGE PEREZ-MONTES** |

MEMORANDUM ORDER

Before the Court is a Motion for Release Pending Adjudication (ECF No. 29), filed by the habeas petitioner in this case, Abdoul Karimou Diallo ("Petitioner"). Donald Trump, Kristi Noem, Pamela Bondi, Todd Lyons, Scott Ladwig, and the Executive Office for Immigration Review ("Federal Respondents") oppose. *See* ECF No. 35. Federal Respondents have also filed a Motion to Dismiss, or alternatively, a Motion for Summary Judgment (ECF No. 39).

After careful consideration of the parties' memoranda and the applicable law, the Motions are both **DENIED**.

I. **PETITIONER'S MOTION**

Petitioner seeks release pending adjudication of his habeas petition under *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974). *See* ECF No. 29-1 at 8. "[R]elease [pending adjudication] is warranted only if the habeas petition raises a 'substantial claim' and extraordinary circumstances exist that make a grant of bail necessary to give effect to the requested habeas relief." *Sanchez v. Winfrey,* No. CIV.A.SA04CA0293RFNN, 2004 WL 1118718, at *2 (W.D. Tex. Apr. 28, 2004) (citing *Mapp v. Reno,* 241 F.3d 221, 230 (2nd Cir. 2001)). This relief is "rarely justified." *Sanchez,* 2004 WL 1118718, at *2 (citing *Mapp,* 241 F.3d at 266).

"[S]erious deterioration of the petitioner's health while incarcerated" constitutes an extraordinary circumstance. *Calley,* 496 F.2d at 702, n.1. Petitioner has HIV, is bleeding profusely from his anus, and is going blind in one eye. *See* ECF No. 29-2. His condition has only worsened since being detained. *Id.* Consistency is key when it comes to antiretroviral treatment for HIV; even momentary nonadherence can have lifelong effects on the efficacy of treatment. *See* ECF No. 1-4 at 4. Petitioner alleges and provides declarations that he has not consistently received medication. *See id.*; ECF No. 29-2. Federal Respondents do a poor job of refuting this. *See e.g.,* ECF No. 35 at 7, n.4. So, Petitioner likely meets this bar.

Nevertheless, he must also raise a "substantial constitutional claim." *See Calley,* 496 F.2d at 702. On the present record, we do not know enough about Petitioner's revocation, and the requisite process given or denied, to say that he has raised such a claim and has a "high probability of success" on that claim. *See id.* Given the high bar, the Court must **DENY** the Motion.

## II. FEDERAL RESPONDENTS' MOTION

Federal Respondents seek to dismiss this case on jurisdictional and other statutory grounds. *See* ECF No. 34-3. To start, 8 U.S.C. § 1252 is begging for mercy, and Federal Respondents refuse to let her go. *See Martinez v. Trump,* No. CV 25-1445, 2025 WL 3124847, at *1–2 (W.D. La. Oct. 22, 2025). We have jurisdiction—even under 1252(e)(3). *See Barros v. Noem,* No. EP-25-CV-488-KC, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025). Please stop filing lengthy briefs that "fail to distinguish [our] prior jurisdictional analyses," *id.* at *3, belaboring already-rejected arguments. An update or a brief acknowledgment of past rejection suffices.

We are similarly fatigued by Federal Respondents' arguments regarding the BIA's recent reinterpretation of mandatory detention in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  *See* ECF No. 34-3 at 33–48.  This is another issue on which this Court—like the majority of district courts—disagrees with the Federal Respondents.  *See Martinez,* 2025 WL 3124847, at *2, n.1.  We are aware that some district courts disagree with our disagreement, and we have rejected those courts' reasoning.  *See Martinez v. Rice,* No. CV 25-1780 SEC P, 2025 WL 3554620, at *4 (W.D. La. Dec. 11, 2025) (us rejecting).  The issue has been briefed and argued before the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, No. 25-20496, and we are anxiously awaiting their judgment.  Until then, there is no utility in "retread[ing] old ground" with "essentially the same arguments" spread out over dozens of pages.  *See Barros,* 2025 WL 3154059, at *2–3.  The Court has committed to memory the bulk and thrust of the Federal Respondents' position; Federal Respondents may proceed to the argument where it previously left off—and leave out its genesis.

Relatedly, and newly, we decline to reach the preclusive effect of *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), for now, because we can "rule on his individual claim without addressing the class[] issue." *Lopez Bernal v. Trump,* No. C25-198-LTS-MAR, 2025 WL 3669871, at *1 (N.D. Iowa Dec. 17, 2025).  This is especially since, at first blush, Petitioner is not the traditional case as addressed in *Bautista* and *Hurtado*.

So, the Federal Respondents' Motion is **DENIED**.

### III. CONCLUSION

Cognizant of the time-sensitivity of this particular case, and that our "substantial claim" determination under *Calley* would subsume our habeas decision, the Court will tentatively set the underlying habeas Petition for hearing **during the first week of March 2026**, with an exact time and date to follow. Federal Respondents shall file in brief form any summary judgment evidence regarding the initial paroling of Petitioner, any notice given to Petitioner regarding why he was taken back into custody, any administrative decisions relating to Petitioner's request for bond, or any opportunities given to review his re-detention. Federal Respondents must also brief on what process is due under the applicable statutes and regulations when re-detaining a previously bonded alien, paying special attention to the reasoning in *Hernandez-Fernandez v. Lyons,* No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025). Last, Federal Respondents should provide, by affidavit, an update on Petitioner's present medical condition and medical care.

Accordingly,

**IT IS ORDERED** that both Motions (ECF Nos. 29 & 39) are **DENIED.**

**IT IS FURTHER ORDERED** that Federal Respondents shall file their brief on the habeas Petition as described above by **February 19, 2026**. Petitioner shall file any reply by **February 26, 2026**.

**THUS DONE AND SIGNED** this 4th day of February, 2026.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE